Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
P: (208) 359-5532
F: (208) 485-8528
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRAD BELLEM, | Case No.: 4:15-cv-323 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| CREDIT BUREAU OF TWIN FALLS, INC. an Idaho corporation doing business as Idaho Collection Bureau. | |
| Defendant. | |

COMES NOW the Plaintiff, Brad Bellem, by and through his counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and brings this action against Defendant as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the Idaho Consumer Protection Act, Idaho Code § 48-601 *et seq*. (hereinafter, "ICPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

**Complaint - Page 1 of 5**

3. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## PARTIES

4. Plaintiff Brad Bellem is a natural person residing in Twin Falls County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Credit Bureau of Twin Falls is an Idaho corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 1106 Eastland Drive N, Twin Falls, ID 83301.

6. Credit Bureau of Twin Falls is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Credit Bureau of Twin Falls operates under the assumed business name of Idaho Collection Bureau, which it will hereafter be referred to as.

## GENERAL ALLEGATIONS

8. On or about July 14, 2015, Idaho Collection Bureau sent a letter (attached hereto as Exhibit A) to Mr. Bellem.

9. The letter states that verification of the debt will be provided if the request is made within 30 days.

10. The letter states that it will serve Mr. Bellem's best interest to pay the debt immediately.

11. The letter says disputes must be made in writing.

## COUNT I: FDCPA VIOLATION FOR IMPROPER NOTICE

12. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

13. 15 U.S.C. § 1692g requires that a debt collector give a consumer 30 days after receipt of a letter from the debt collector in which to dispute or request validation of a debt.

14. Idaho Collection Bureau violated 15 U.S.C. § 1692g by requiring Mr. Bellem to dispute the validity of the debt within 30 days, which the least sophisticated consumer would assume to be from the

date of the notice.

15. This distinction is significant in that the date the letter is dated may not be the same day as the letter is printed or actually placed in the outgoing mail.

16. Even if the letter is sent on the same day as it is dated, it may take one or more days for the letter to actually reach the consumer.

17. In either scenario, the consumer's right to request validation is truncated by Defendant's demand that disputes be made within 30 days of the date of the notice, rather than within 30 days of receipt of the notice.

18. Therefore Idaho Collection Bureau has violated 15 U.S.C. § 1692g and Mr. Bellem is entitled to statutory damages under 1692k(a)(2)(A), and attorney fees and costs under 15 U.S.C. § 1692k(a)(3).

**COUNT II: FDCPA VIOLATION FOR REQUIRING DISPUTE TO BE IN WRITING**

19. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

20. 15 U.S.C. § 1692g(a)(3) requires debt collectors to give 30 days from receipt of the letter for a debtor to request verification of the debt.

21. The letter from Idaho Collection Bureau to Mr. Bellem states: "If your account is in dispute, notify us of the dispute in writing immediately… ."

22. There is no requirement under the FDCPA that disputes must be made in writing.

23. In fact, such a requirement has previously been held to be a violation of 15 U.S.C. § 1692g(a)(3) in the Ninth Circuit in Camacho v. Bridgeport Fin., Inc., 430 F.3d 1078 (9th Cir. 2005).

24. Therefore Idaho Collection Bureau has violated 15 U.S.C. § 1692g(a)(3) and Mr. Bellem is entitled to statutory damages under 1692k(a)(2)(A), and attorney fees and costs under 15 U.S.C. § 1692k(a)(3).

## COUNT III: FDCPA VIOLATION FOR OVERSHADOWING

25. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

26. The letter further states, in spite of the fact that Mr. Bellem has 30 days to dispute the alleged debt, "You will be serving both the creditor's and your best interests by paying today."

27. The effect of this language is to overshadow the verification period by suggesting that Mr. Bellem should forgo his rights to verification in order to pay today.

28. Overshadowing is a violation of 15 U.S.C. § 1692g.

29. Therefore Idaho Collection Bureau has violated 15 U.S.C. § 1692g and Mr. Bellem is entitled to statutory damages under 1692k(a)(2)(A), and attorney fees and costs under 15 U.S.C. § 1692k(a)(3).

## COUNT IV: ICPA VIOLATIONS

30. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

31. Idaho Code § 48-603(17) prohibits the use of unfair and deceptive means in an attempt to collect an alleged debt.

32. By violating federal law in the three ways described in the three counts above, Idaho Collection Bureau has used unfair and deceptive means in an attempt to collect an alleged debt.

33. Therefore Idaho Collection Bureau has violated Idaho Code § 48-603(17) and Mr. Bellem is entitled to statutory damages under Idaho Code § 48-608(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. Statutory damages of up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A),

B. Statutory damages of $1,000.00 pursuant to I.C. § 48-608(1),

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and I.C. §

    48-603(5); and

D.    For such other and further relief as may be just and proper.

DATED: August 17, 2015

<u>/s/ Ryan A. Ballard</u>
Ryan A. Ballard
Ballard Law, PLLC
